# "EXHIBIT A"

Civil Action No. 17EV000907

Superior Court ☐
State Court ☒

(r 86697

GEORGIA, FULTON COUNTY

Attorney or Plaintiff's Name and Address

John A. Houghton, Esquire
The Houghton Law Firm, LLC
3500 Lenox Road, Suite 500
Atlanta, Georgia 30326

Esther Stevenson,

Plaintiff

VS.

Protective Insurance Company, FedEx Ground Package System, Inc., and Jonathan Billingsley,

Defendants

Garnishee

Name and Address of Party to be Served:

Protective Insurance Company
c/o Registered Agent Linda Banks
2180 Satellite Boulevard, Suite 400
Duluth, Gwinnett County, GA 30097

## SHERIFF'S ENTRY OF SERVICE

PERSONAL

☐ I have this day served the defendant ______ personally with a copy of the within action and summons.

NOTORIOUS

☐ I have this day served the defendant ______ by leaving a copy of the action and summons at his/their most notorious place of abode in this County.
Delivered same into hands of ______ described as follows age, about ______ years; weight, about ______ pounds; height, about ______ feet and ______ inches, domiciled at the residence of defendant.

CORPORATION

☒ Served the defendant Protective Insurance Company a corporation
By leaving a copy of the within action and summons with Linda Banks R.A.
in charge of the office and place of doing business of said Corporation in this County.

TACK & MAIL

☐ I have this day served the above affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises designated in said affidavit, and on the same day of such posting by depositing a true copy of same in the United States Mail, First Class in an envelope properly addressed to the defendant(s) at the address shown in said summons, with adequate postage affixed thereon containing notice to the defendant(s) to answer said summons at the place stated in the summons.

NON EST

☐ Diligent search made and defendant ______ not to be found in the jurisdiction of this Court.

The defendant is required to appear before the Court for a hearing on the ______ day of ______ 20____, at the hour and place stated in the summons.

This 1 day of Mar, 20 17.

[signature] DEPUTY 51353

GWINNETT COUNTY, GEORGIA

ORIGINAL: Clerk CANARY: Plaintiff PINK: Defendant

State Court of Fulton County
**E-FILED**
17EV000907
2/24/2017 10:53:14 AM
LeNora Ponzo, Clerk
Civil Division

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

| | |
|---|---|
| ESTHER STEVENSON,<br><br>Plaintiff,<br><br>vs.<br><br>PROTECTIVE INSURANCE COMPANY, FEDEX GROUND PACKAGE SYSTEM, INC., & JONATHAN BILLINGSLEY,<br><br>Defendants. | JURY TRIAL DEMANDED<br><br>CIVIL ACTION FILE NO. ____________ |

**COMPLAINT FOR DAMAGES & DEMAND FOR JURY TRIAL**

COMES NOW Plaintiff, Esther Stevenson, and makes and files Plaintiff's Complaint for Damages & Demand for Jury Trial, as follows:

**PARTIES AND JURISDICTION**

1.

Defendant Protective Insurance Company ("Protective Insurance") is a foreign insurance company existing under the laws of the State of Indiana with its principal place of business in the State of Indiana, and is authorized to transact business in the State of Georgia, and may be served by delivering a copy of the summons and complaint on its registered agent for service Linda Banks, located at 2180 Satellite Blvd., Suite 400, Duluth, Gwinnett County, Georgia 30097. Defendant Protective Insurance is subject to the jurisdiction of this Court.

2.

Defendant FedEx Ground Package System, Inc. ("FedEx Ground") is a foreign corporation existing under the laws of the State of Delaware with its principal place of

business in the State of Pennsylvania, and is authorized to transact business in the State of Georgia, and may be served by delivering a copy of the summons and complaint on its registered agent for service (FL) The Corporation Company, located at 112 North Main Street, Cumming, Forsyth County, Georgia 30040. Defendant FedEx Ground is subject to the jurisdiction of this Court.

3.

Defendant Jonathan Billingsley ("Defendant Billingsley") is a citizen of the State of Alabama and resides in that state, and is a nonresident motorist and may be served with second originals of the summons and complaint at his home address at 7112 Bentley Court, Montgomery, Montgomery County, Alabama 36117 via certified U.S. Mail, with a copy of process served upon the Georgia Secretary of State at 214 State Capitol, Atlanta, Georgia 30334 with the $10.00 filing fee and the Affidavit of Compliance to be appended to the pleadings pursuant to O.C.G.A. § 40-12-2. Defendant Billingsley is subject to the jurisdiction of this Court.

4.

Plaintiff Esther Stevenson resides in California, and is subject to the jurisdiction of this Court.

5.

Jurisdiction and venue is proper in this Court pursuant to O.C.G.A. § 40-1-117(c).

## BACKGROUND

6.

On July 17, 2015 at approximately 11:58PM, Defendant Billingsley was operating a FedEx Ground tractor-trailer on Interstate 285 Westbound near its intersection with Jonesboro Road in Fulton County, Georgia.

7.

Upon information and belief, Defendant Billingsley was operating his tractor-trailer unit on behalf of Defendant FedEx Ground at the time of this incident.

8.

At about the same time, Plaintiff Esther Stevenson, was lawfully operating her Nissan Altima on I-285 westbound in the lane to the right of Defendant Billingsley's vehicle.

9.

At some point, Defendants' FedEx Ground tractor-trailer suddenly and without warning veered into the right lane and violently struck Plaintiff Stevenson's vehicle.

10.

Defendants' FedEx Ground tractor-trailer struck the driver's side door of Plaintiff Stevenson's Nissan Altima.

11.

As a result of this impact, Plaintiff Stevenson lost control of her car causing her to skid to the left as Defendants' FedEx tractor-trailer pushed Ms. Stevenson's vehicle down the roadway in a T-bone position.

12.

Upon information and belief, Defendant Billingsley attempted a corrective maneuver after impact swerving his vehicle back to the left, prior to both vehicles coming to a final rest.

13.

As a direct and proximate result of this collision, Plaintiff Esther Stevenson sustained injuries to her back which has required a posterior lumbar fusion surgery, as well as other injuries for which she has incurred medical expenses.

**COUNT I – NEGLIGENCE**

14.

Plaintiff re-alleges and incorporates herein the allegations contained in paragraphs 1 through 13 above as if fully restated.

15.

Defendant Billingsley was negligent in the operation of the FedEx Ground tractor-trailer in failing to maintain his lane, failing to yield the right of way, failing to maintain a proper lookout for vehicles traveling around his tractor-trailer and in committing other acts or omissions to be proven at trial.

16.

Defendant Billingsley was negligent in striking Plaintiff's vehicle.

17.

Defendant Billingsley's negligence is a proximate cause of the collision, and Plaintiff's resulting injuries.

## COUNT II - IMPUTED LIABILITY

18.

Plaintiff re-alleges and incorporates herein the allegations contained in paragraphs 1 through 17 above as if fully restated.

19.

At the time of the subject collision, Defendant Billingsley was driving under dispatch for Defendant FedEx Ground.

20.

At the time of the subject collision, Defendant Billingsley was operating his vehicle on behalf of Defendant FedEx Ground.

21.

Defendant FedEx Ground is an interstate motor carrier, and pursuant to federal and state laws, is responsible for the actions or inactions of Defendant Billingsley with regard to the collision described in this complaint under the doctrine of lease liability, agency, or apparent agency.

## COUNT III – NEGLIGENT HIRING, TRAINING, SUPERVISION, RETENTION, DISPATCH & ENTRUSTMENT

22.

Plaintiff re-alleges and incorporates herein the allegations contained in paragraphs 1 through 21 above as if fully restated.

23.

Defendant FedEx Ground and its agents or employees were negligent in hiring and retaining Defendant Billingsley to drive a tractor-trailer for the company.

24.

Defendant FedEx Ground and its agents or employees were negligent in failing to properly train Defendant Billingsley.

25.

Defendant FedEx Ground and its agents or employees were negligent in failing to properly supervise Defendant Billingsley.

26.

Defendant FedEx Ground and its agents or employees were negligent in hiring and retaining Defendant Billingsley as an employee and dispatching him to operate a commercial vehicle when they knew or should have known of his unsafe driving history.

27.

Defendant FedEx Ground and its agents or employees were negligent in dispatching Defendant Billingsley to operate a commercial vehicle when they knew or should have known that he was fatigued.

28.

Defendant FedEx Ground and its agents or employees were negligent in entrusting Defendant Billingsley with a commercial vehicle when they knew or should have known of his unsafe driving history.

29.

Defendant FedEx Ground's negligence in hiring and retaining Defendant Billingsley and dispatching him to operate a commercial vehicle and failing to train and supervise him properly was the proximate cause of the collision, and Plaintiff's resulting injuries.

**COUNT IV – DIRECT ACTION**

30.

Plaintiff re-alleges and incorporates herein the allegations contained in paragraphs 1 through 29 above as if fully restated.

31.

Defendant Protective Insurance is subject to a direct action as the insurer for Defendant FedEx Ground pursuant to O.C.G.A. § 40-2-140.

32.

Defendant Protective Insurance was the insurer of Defendant FedEx Ground at the time of the subject incident and issued a liability policy (Policy #IL51V0008468) to comply with the requirements for interstate transportation.

33.

Defendant Protective Insurance and Defendant FedEx Ground are subject to the filing requirements outlined in O.C.G.A. § 40-2-140.

34.

Defendant Protective Insurance is responsible for any judgment rendered against Defendant FedEx Ground and Defendant Billingsley.

**COUNT V – DAMAGES**

35.

Plaintiff re-alleges and incorporates herein the allegations contained in paragraphs 1 through 34 above as if fully restated.

36.

As a result of Defendants' negligence, Plaintiff suffered bodily injuries, including a herniated disc at L5-S1 which has now required a posterior lumbar spine fusion surgery, as well as other injuries and damages to be proven at trial.

37.

As a result of Defendants' negligence, Plaintiff has incurred past medical expenses and will continue to incur future medical expenses.

38.

As a result of Defendants' negligence, Plaintiff has a claim for lost wages and diminished capacity to labor, as well as mental and physical suffering, reduced quality of life, and other resulting damages to be proven at trial.

39.

Defendants' negligence is the sole and proximate cause of Plaintiff's injuries and damages.

## COUNT VI – PUNITIVE DAMAGES

40.

Plaintiff re-alleges and incorporates herein the allegations contained in paragraphs 1 through 39 above as if fully restated.

41.

Defendants' conduct was reckless, willful and wanton, and demonstrates a conscious indifference to the consequences of their actions and entitles Plaintiff to an award of punitive damages.

42.

By reason of the foregoing, Plaintiff is entitled to punitive damages as determined by a jury.

**WHEREFORE,** Plaintiff prays that she has a trial on all issues and judgment against Defendants as follows:

a. That Plaintiff recovers the full value of her past and future medical expenses and past and future lost wages in an amount to be proven at trial;

b. That Plaintiff recovers for physical and mental pain and suffering in an amount to be determined by the enlightened conscience of a jury;

c. That Plaintiff recovers punitive damages in an amount to be determined by the enlightened conscience of a jury;

d. That Plaintiff recovers the costs of this litigation;

e. That Plaintiff recovers for litigation expenses and attorney's fees pursuant to O.C.G.A. § 13-6-11 and any other applicable statute; and

f. That Plaintiff recovers such other and further relief as is just and proper.

*{Signatures on Following Page}*

This 23rd day of February, 2017

Respectfully Submitted,

THE HOUGHTON LAW FIRM, LLC

By: _/s/ John A. Houghton_

**JOHN A. HOUGHTON**
Georgia Bar No. 118206
*Attorneys for Plaintiff*

One Alliance Center
3500 Lenox Road, Suite 500
Atlanta, Georgia 30326
Phone: (404) 549-3006
Fax: (404) 592-6471
john@houghtonlawfirm.com

and

COOPER F. SPENCE, ATTORNEY AT LAW, LLC

By: _/s/ Cooper F. Spence_

**COOPER F. SPENCE**
Georgia Bar No. 886549
*Attorneys for Plaintiff*

5447 Roswell Road, NE
P.O. Box 420523
Atlanta, GA 30342
Phone: (678) 310-6127
Fax: (678) 331-6127
cooper@cooperspencerlaw.com

State Court of Fulton County
**E-FILED**
17EV000907
2/24/2017 10:53:14 AM
LeNora Ponzo, Clerk
Civil Division

GEORGIA, FULTON COUNTY

DO NOT WRITE IN THIS SPACE

**STATE COURT OF FULTON COUNTY**
Civil Division

CIVIL ACTION FILE #: ____________________

Esther Stevenson,
c/o The Houghton Law Firm, LLC,
3500 Lenox Road, Suite 500, Atlanta, Georgia 30326
Plaintiff's Name, Address, City, State, Zip Code

vs.

Protective Insurance Company,
FedEx Ground Package System, Inc., and
Jonathan Billingsley,
Defendant's Name, Address, City, State, Zip Code

| TYPE OF SUIT | AMOUNT OF SUIT |
|---|---|
| [ ] ACCOUNT | PRINCIPAL $________ |
| [ ] CONTRACT | |
| [ ] NOTE | INTEREST $________ |
| [x] TORT | |
| [x] PERSONAL INJURY | ATTY. FEES $________ |
| [ ] FOREIGN JUDGMENT | |
| [ ] TROVER | COURT COST $________ |
| [ ] SPECIAL LIEN | |

***********

[x] NEW FILING
[ ] RE-FILING: PREVIOUS CASE NO. ____________

## SUMMONS

TO THE ABOVE NAMED-DEFENDANT:

You are hereby required to file with the Clerk of said court and to serve a copy on the Plaintiff's Attorney, or on Plaintiff if no Attorney, to-wit:

Name: Protective Insurance Company, c/o Linda Banks
Address: 2180 Satellite Boulevard, Suite 400
City, State, Zip Code: Duluth, Gwinnett County, Georgia 30097 Phone No.:____________

An answer to this complaint, which is herewith served on you, should be filed within thirty (30) days after service, not counting the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint, plus cost of this action. **DEFENSE MAY BE MADE & JURY TRIAL DEMANDED**, via electronic filing through E-file GA or, if desired, at the e-filing public access terminal in the Self-Help Center at 185 Central Ave., S.W., Ground Floor, Room TG300, Atlanta, GA 30303.

**2/24/2017 10:53:14 AM**

Tobye Reddick
LeNora Ponzo, Interim Chief Clerk (electronic signature)

If the sum claimed in the suit, or value of the property sued for, is $300.00 or more Principal, the defendant must admit or deny the paragraphs of plaintiff's petition by making written Answer. Such paragraphs undenied will be taken as true. If the plaintiff's petition is sworn to, or if suit is based on an unconditional contract in writing, then the defendant's answer must be sworn to.

If the principal sum claimed in the suit, or value of the property sued for, is less than $300.00, and is on a note, unconditional contract, account sworn to, or the petition sworn to, defense must be made by filing a sworn answer setting up the facts relied on as a defense.

***SERVICE INFORMATION:***

Served, this ______ day of ________________, 20_____.

____________________
DEPUTY MARSHAL, STATE COURT OF FULTON COUNTY

WRITE VERDICT HERE:
We, the jury, find for ________________________________

________________________________

This ________ day of ________________, 20_____. ____________________ Foreperson

(STAPLE TO FRONT OF COMPLAINT)

CT Corporation

**Service of Process Transmittal**
03/01/2017
CT Log Number 530780775

**TO:** Sally Wignall
Baldwin & Lyons, Inc.
111 Congressional Blvd Ste 500
Carmel, IN 46032-5663

**RE:** **Process Served in Georgia**

**FOR:** Protective Insurance Company (Domestic State: IN)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Esther Stevenson, Pltf. vs. Protective Insurance Company, et al., Dfts. |
| **DOCUMENT(S) SERVED:** | Entry, Complaint, Summons |
| **COURT/AGENCY:** | Fulton County State Court, Fulton, GA<br>Case # 17EV000907 |
| **NATURE OF ACTION:** | Insurance Litigation |
| **ON WHOM PROCESS WAS SERVED:** | Corporation Process Company, Duluth, GA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 03/01/2017 at 13:41 |
| **JURISDICTION SERVED :** | Georgia |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service (not counting the day you received it) |
| **ATTORNEY(S) / SENDER(S):** | John A. Houghton<br>The Houghton Law Firm, LLC<br>One Alliance Center<br>3500 Lenox Road, Suite 500<br>Atlanta, GA 30326<br>404-549-3006 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 03/02/2017, Expected Purge Date: 03/07/2017<br>Image SOP<br>Email Notification, Jeremy Goldstein jgoldstein@baldwinandlyons.com<br>Email Notification, Sally Wignall swignall@baldwinandlyons.com<br>Email Notification, Kimberly Gilpin kgilpin@baldwinandlyons.com<br>Email Notification, Brenda Gardner bgardner@baldwinandlyons.com |
| **SIGNED:** | Corporation Process Company |
| **ADDRESS:** | 2180 Satellite Blvd<br>Duluth, GA 30097 |
| **TELEPHONE:** | 866-286-4469 |



Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

State Court of Fulton County
**E-FILED**
17EV000907
3/23/2017 2:25:21 PM
LeNora Ponzo, Clerk
Civil Division

IN THE STATE COURT OF FULTON COUNTY

STATE OF GEORGIA

| | |
|---|---|
| ESTHER STEVENSON,<br><br>Plaintiff,<br><br>v.<br><br>PROTECTIVE INSURANCE COMPANY, FEDEX GROUND PACKAGE SYSTEM, INC. & JONATHAN FEDEX,<br><br>Defendants. | **CIVIL ACTION FILE NUMBER:**<br><br>**17EV000907** |

**DEFENDANT PROTECTIVE INSURANCE COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES**

COMES NOW, **PROTECTIVE INSURANCE COMPANY,** (hereinafter "Protective") Defendant in the above-styled action, and files its Answer to Plaintiff's Complaint for Damages, showing this Honorable Court as follows:

**FIRST DEFENSE**

Plaintiff fails to state a claim upon which relief can be granted.

**SECOND DEFENSE**

Protective denies that it was negligent in any manner, or that any negligent act or omission on its part caused or contributed to any injury or damage alleged to have been sustained by the Plaintiff.

**THIRD DEFENSE**

The sole and proximate cause of the accident referenced in the Complaint was the negligence of a party, or non-party, other than Protective, and therefore the Plaintiff is barred from any recovery against Protective.

**FOURTH DEFENSE**

Plaintiff, by the exercise of ordinary care, could have avoided the incident referenced in the Complaint; and therefore, Plaintiff is not entitled to recover from Protective.

**FIFTH DEFENSE**

To the extent shown by evidence obtained through discovery, Protective raises all those affirmative defenses set forth in O.C.G.A. § 9-11-8(c) and O.C.G.A. § 9-11-12(b), and none of those defenses are waived.

**SIXTH DEFENSE**

Plaintiff's alleged damages were directly and proximately caused by Plaintiff's own contributory/comparative negligence and failure to exercise ordinary care, and, as such, Plaintiff is not entitled to recover from Protective.

**SEVENTH DEFENSE**

Protective denies that it caused the Plaintiff to suffer any injury.

**EIGHTH DEFENSE**

Protective cannot be held liable under the doctrine of *respondeat superior*.

**NINTH DEFENSE**

Protective reserves the right to seasonably amend these affirmative defenses as needed or as warranted by the discovery in this case.

**TENTH DEFENSE**

To the extent any claim for attorney's fees and expenses of litigation pursuant to O.C.G.A. § 13-6-11, or pursuant to any other theory, are or may be made by Plaintiff, no basis exists for such claims and Protective specifically shows that a *bona fide* dispute exists to the extent that Protective is not liable to Plaintiff.

**ELEVENTH DEFENSE**

For its Eleventh Defense, Protective responds to the individually numbered Paragraphs of Plaintiff's Complaint as follows:

1.

Protective denies that Protective Insurance Company is subject to the jurisdiction of this Court. The remaining allegations contained in Paragraph No. 1 of Plaintiff's Complaint are admitted.

2.

Protective denies that FedEx Ground Package System, Inc. is subject to the jurisdiction of this Court. The remaining allegations contained in Paragraph No. 2 of Plaintiff's Complaint are admitted.

3.

Protective admits that Jonathan Billingsley is a resident of the State of Alabama and that his address is 7112 Bentley Court, Montgomery, Alabama 36117; however, the remaining allegations contained in Paragraph No. 3 of Plaintiff's Complaint are denied.

4.

Protective lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 4 of Plaintiff's Complaint; therefore, the allegations contained in Paragraph No. 4 of Plaintiff's Complaint are denied.

5.

The allegations contained in Paragraph No. 5 of Plaintiff's Complaint are denied.

**BACKGROUND**

6.

The allegations contained in Paragraph No. 6 of Plaintiff's Complaint are denied as phrased.

7.

The allegations contained in Paragraph No. 7 of Plaintiff's Complaint are denied as phrased.

8.

The allegations contained in Paragraph No. 8 of Plaintiff's Complaint are denied.

9.

The allegations contained in Paragraph No. 9 of Plaintiff's Complaint are denied.

10.

The allegations contained in Paragraph No. 10 of Plaintiff's Complaint are denied as phrased.

11.

The allegations contained in Paragraph No. 11 of Plaintiff's Complaint are denied.

12.

The allegations contained in Paragraph No. 12 of Plaintiff's Complaint are denied.

13.

The allegations contained in Paragraph No. 13 of Plaintiff's Complaint are denied.

**COUNT I – NEGLIGENCE**

14.

Defendant Protective reasserts and reincorporates by this reference its responses to Paragraphs 1 through 13 of Plaintiff's Complaint as if fully set forth herein. To the extent that an more specific response is required, the allegations contained in Paragraph No. 14 of Plaintiff's Complaint are denied.

15.

The allegations contained in Paragraph No. 15 of Plaintiff's Complaint are denied.

16.

The allegations contained in Paragraph No. 16 of Plaintiff's Complaint are denied.

17.

The allegations contained in Paragraph No. 17 of Plaintiff's Complaint are denied.

**COUNT II – IMPUTED LIABILITY**

18.

Defendant Protective reasserts and reincorporates by this reference its responses to Paragraphs 1 through 17 of Plaintiff's Complaint as if fully set forth herein. To the extent that a more specific response is required, the allegations contained in Paragraph No. 18 of Plaintiff's Complaint are denied.

19.

The allegations contained in Paragraph No. 19 of Plaintiff's Complaint are denied as phrased.

20.

The allegations contained in Paragraph No. 20 of Plaintiff's Complaint are denied as phrased.

21.

The allegations contained in Paragraph No. 21 of Plaintiff's Complaint are denied as phrased.

**COUNT III – NEGLIGENT HIRING, TRAINING, SUPERVISION, RETENTION, DISPATCH & ENTRUSTMENT**

22.

Defendant Protective reasserts and reincorporates by this reference its responses to Paragraphs 1 through 21 of Plaintiff's Complaint as if fully set forth herein. To the extent that a more specific response is required, the allegations contained in Paragraph No. 22 of Plaintiff's Complaint are denied.

23.

The allegations contained in Paragraph No. 23 of Plaintiff's Complaint are denied.

24.

The allegations contained in Paragraph No. 24 of Plaintiff's Complaint are denied.

25.

The allegations contained in Paragraph No. 25 of Plaintiff's Complaint are denied.

26.

The allegations contained in Paragraph No. 26 of Plaintiff's Complaint are denied.

27.

The allegations contained in Paragraph No. 27 of Plaintiff's Complaint are denied.

28.

The allegations contained in Paragraph No. 28 of Plaintiff's Complaint are denied.

29.

The allegations contained in Paragraph No. 29 of Plaintiff's Complaint are denied.

**COUNT IV – DIRECT ACTION**

30.

Defendant Protective reasserts and reincorporates by this reference its responses to Paragraphs 1 through 29 of Plaintiff's Complaint as if fully set forth herein. To the extent that a more specific response is required, the allegations contained in Paragraph No. 30 of Plaintiff's Complaint are denied.

31.

The allegations contained in Paragraph No. 31 of Plaintiff's Complaint are denied.

32.

The allegations contained in Paragraph No. 32 of Plaintiff's Complaint are denied as phrased.

33.

The allegations contained in Paragraph No. 33 of Plaintiff's Complaint are denied.

34.

The allegations contained in Paragraph No. 34 of Plaintiff's Complaint are denied.

**COUNT V – DAMAGES**

35.

Defendant Protective reasserts and reincorporates by this reference its responses to Paragraphs 1 through 34 of Plaintiff's Complaint as if fully set forth herein. To the extent that a

more specific response is required, the allegations contained in Paragraph No. 35 of Plaintiff's Complaint are denied.

36.

The allegations contained in Paragraph No. 36 of Plaintiff's Complaint are denied.

37.

The allegations contained in Paragraph No. 37 of Plaintiff's Complaint are denied.

38.

The allegations contained in Paragraph No. 38 of Plaintiff's Complaint are denied.

39.

The allegations contained in Paragraph No. 39 of Plaintiff's Complaint are denied.

**COUNT IV – PUNITIVE DAMAGES**

40.

Defendant Protective reasserts and reincorporates by this reference its responses to Paragraphs 1 through 39 of Plaintiff's Complaint as if fully set forth herein. To the extent that a more specific response is required, the allegations contained in Paragraph No. 40 of Plaintiff's Complaint are denied.

41.

The allegations contained in Paragraph No. 41 of Plaintiff's Complaint are denied.

42.

The allegations contained in Paragraph No. 42 of Plaintiff's Complaint are denied.

43.

Protective denies any and all allegations and prayers for relief contained in the WHEREFORE clause/Prayer for Relief of Plaintiff's Complaint. All remaining allegations and

inferences contained in Plaintiff's Complaint not heretofore specifically addressed, are denied in their entirety.

WHEREFORE, Protective, having fully answered Plaintiff's Complaint for Damages, prays as follows:

a) that it be discharged without cost or liability;

b) that it have a trial by a jury of twelve persons as to all issues properly triable by a jury;

c) that a Pre-Trial Conference be held;

d) that all costs and attorneys' fees be assessed against Plaintiff; and

e) that it have such other relief as the Court deems just and proper.

This 23rd day of March, 2017.

**HALL BOOTH SMITH, P.C.**

*/s/ Payton D. Bramlett*

SCOTT H. MOULTON
Georgia Bar No. 974237
PAYTON D. BRAMLETT
Georgia State Bar No. 152401
*Counsel for Defendants*

191 Peachtree Street, N.E.
Suite 2900
Atlanta, GA 30303
TEL (404) 954-5000
FAX (404) 954-5020

IN THE STATE COURT OF FULTON COUNTY

STATE OF GEORGIA

| | |
|---|---|
| ESTHER STEVENSON,<br><br>Plaintiff,<br><br>v.<br><br>PROTECTIVE INSURANCE COMPANY, FEDEX GROUND PACKAGE SYSTEM, INC. & JONATHAN FEDEX,<br><br>Defendants. | **CIVIL ACTION FILE NUMBER:**<br><br>**17EV000907** |

**CERTIFICATE OF SERVICE**

I hereby certify that on this day I have served a copy of the within and foregoing **DEFENDANT PROTECTIVE INSURANCE COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT** upon all parties to this matter by depositing same in the U.S. Mail, postage prepaid and properly addressed to the following:

John A. Houghton, Esquire
The Houghton Law Firm, LLC
One Alliance Center
3500 Lenox Road, Suite 500
Atlanta, Georgia 30326
john@houghtonlawfirm.com

Cooper F. Spence, Esquire
Cooper F. Spence, Attorney at Law, LLC
5447 Roswell Road, NE
P. O. Box 420523
Atlanta, Georgia 30342
cooper@cooperspencerlaw.com

This 23rd day of March, 2017.

**HALL BOOTH SMITH, P.C.**

*/s/ Payton D. Bramlett*

SCOTT H. MOULTON
Georgia Bar No. 974237
PAYTON D. BRAMLETT
Georgia State Bar No. 152401
*Counsel for Defendants*

191 Peachtree Street, N.E.
Suite 2900
Atlanta, GA 30303
TEL (404) 954-5000
FAX (404) 954-5020

53422130-1

State Court of Fulton County
**E-FILED**
17EV000907
3/23/2017 2:25:21 PM
LeNora Ponzo, Clerk
Civil Division

IN THE STATE COURT OF FULTON COUNTY

STATE OF GEORGIA

| | |
|---|---|
| ESTHER STEVENSON,<br><br>Plaintiff,<br><br>v.<br><br>PROTECTIVE INSURANCE COMPANY, FEDEX GROUND PACKAGE SYSTEM, INC. & JONATHAN FEDEX,<br><br>Defendants. | **CIVIL ACTION FILE NUMBER:**<br><br>**17EV000907** |

**DEFENDANT FEDEX GROUND PACKAGE SYSTEM'S SPECIAL APPEARANCE AND SPECIAL ANSWER TO PLAINTIFF'S COMPLAINT**

COMES NOW, **FEDEX GROUND PACKAGE SYSTEM** (hereinafter "FEDEX"), Defendant in the above-styled action, appears specially, and makes this special appearance and files this special answer, without waiving, and specifically reserving, all objections to deficiency of service, process, service of process, jurisdiction over the person, and venue, and asserts these defenses:

**FIRST DEFENSE**

Plaintiff fails to state a claim upon which relief can be granted.

**SECOND DEFENSE**

FEDEX denies that it was negligent in any manner, or that any negligent act or omission on its part caused or contributed to any injury or damage alleged to have been sustained by the Plaintiff.

**THIRD DEFENSE**

The sole and proximate cause of the accident referenced in the Complaint was the negligence of a party, or non-party, other than FEDEX, and therefore the Plaintiff is barred from any recovery against FEDEX.

**FOURTH DEFENSE**

Plaintiff, by the exercise of ordinary care, could have avoided the incident referenced in the Complaint; and therefore, Plaintiff is not entitled to recover from FEDEX.

**FIFTH DEFENSE**

To the extent shown by evidence obtained through discovery, FEDEX raises all those affirmative defenses set forth in O.C.G.A. § 9-11-8(c) and O.C.G.A. § 9-11-12(b), and none of those defenses are waived.

**SIXTH DEFENSE**

Plaintiff's alleged damages were directly and proximately caused by Plaintiff's own contributory/comparative negligence and failure to exercise ordinary care, and, as such, Plaintiff is not entitled to recover from FEDEX.

**SEVENTH DEFENSE**

FEDEX denies that it caused the Plaintiff to suffer any injury.

**EIGHTH DEFENSE**

FEDEX cannot be held liable under the doctrine of *respondeat superior*.

**NINTH DEFENSE**

FEDEX reserves the right to seasonably amend these affirmative defenses as needed or as warranted by the discovery in this case.

**TENTH DEFENSE**

To the extent any claim for attorney's fees and expenses of litigation pursuant to O.C.G.A. § 13-6-11, or pursuant to any other theory, are or may be made by Plaintiff, no basis exists for such claims and FEDEX specifically shows that a *bona fide* dispute exists to the extent that FEDEX is not liable to Plaintiff.

**ELEVENTH DEFENSE**

For its Eleventh Defense, FEDEX appears specially and responds to the individually numbered Paragraphs of Plaintiff's Complaint as follows:

1.

FEDEX denies that Protective Insurance Company is subject to the jurisdiction of this Court. The remaining allegations contained in Paragraph No. 1 of Plaintiff's Complaint are admitted.

2.

FEDEX denies that FedEx Ground Package System, Inc. is subject to the jurisdiction of this Court. The remaining allegations contained in Paragraph No. 2 of Plaintiff's Complaint are admitted.

3.

FEDEX admits that Jonathan Billingsley is a resident of the State of Alabama and that his address is 7112 Bentley Court, Montgomery, Alabama 36117; however, the remaining allegations contained in Paragraph No. 3 of Plaintiff's Complaint are denied.

4.

FEDEX lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 4 of Plaintiff's Complaint; therefore, the allegations contained in Paragraph No. 4 of Plaintiff's Complaint are denied.

5.

The allegations contained in Paragraph No. 5 of Plaintiff's Complaint are denied.

**BACKGROUND**

6.

The allegations contained in Paragraph No. 6 of Plaintiff's Complaint are denied as phrased.

7.

The allegations contained in Paragraph No. 7 of Plaintiff's Complaint are denied as phrased.

8.

The allegations contained in Paragraph No. 8 of Plaintiff's Complaint are denied.

9.

The allegations contained in Paragraph No. 9 of Plaintiff's Complaint are denied.

10.

The allegations contained in Paragraph No. 10 of Plaintiff's Complaint are denied as phrased.

11.

The allegations contained in Paragraph No. 11 of Plaintiff's Complaint are denied.

12.

The allegations contained in Paragraph No. 12 of Plaintiff's Complaint are denied.

13.

The allegations contained in Paragraph No. 13 of Plaintiff's Complaint are denied.

**COUNT I – NEGLIGENCE**

14.

Defendant FEDEX reasserts and reincorporates by this reference its responses to Paragraphs 1 through 13 of Plaintiff's Complaint as if fully set forth herein. To the extent that an more specific response is required, the allegations contained in Paragraph No. 14 of Plaintiff's Complaint are denied.

15.

The allegations contained in Paragraph No. 15 of Plaintiff's Complaint are denied.

16.

The allegations contained in Paragraph No. 16 of Plaintiff's Complaint are denied.

17.

The allegations contained in Paragraph No. 17 of Plaintiff's Complaint are denied.

**COUNT II – IMPUTED LIABILITY**

18.

Defendant FEDEX reasserts and reincorporates by this reference its responses to Paragraphs 1 through 17 of Plaintiff's Complaint as if fully set forth herein. To the extent that a more specific response is required, the allegations contained in Paragraph No. 18 of Plaintiff's Complaint are denied.

19.

The allegations contained in Paragraph No. 19 of Plaintiff's Complaint are denied as phrased.

20.

The allegations contained in Paragraph No. 20 of Plaintiff's Complaint are denied as phrased.

21.

The allegations contained in Paragraph No. 21 of Plaintiff's Complaint are denied as phrased.

## COUNT III – NEGLIGENT HIRING, TRAINING, SUPERVISION, RETENTION, DISPATCH & ENTRUSTMENT

22.

Defendant FEDEX reasserts and reincorporates by this reference its responses to Paragraphs 1 through 21 of Plaintiff's Complaint as if fully set forth herein. To the extent that a more specific response is required, the allegations contained in Paragraph No. 22 of Plaintiff's Complaint are denied.

23.

The allegations contained in Paragraph No. 23 of Plaintiff's Complaint are denied.

24.

The allegations contained in Paragraph No. 24 of Plaintiff's Complaint are denied.

25.

The allegations contained in Paragraph No. 25 of Plaintiff's Complaint are denied.

26.

The allegations contained in Paragraph No. 26 of Plaintiff's Complaint are denied.

27.

The allegations contained in Paragraph No. 27 of Plaintiff's Complaint are denied.

28.

The allegations contained in Paragraph No. 28 of Plaintiff's Complaint are denied.

29.

The allegations contained in Paragraph No. 29 of Plaintiff's Complaint are denied.

**COUNT IV – DIRECT ACTION**

30.

Defendant FEDEX reasserts and reincorporates by this reference its responses to Paragraphs 1 through 29 of Plaintiff's Complaint as if fully set forth herein. To the extent that a more specific response is required, the allegations contained in Paragraph No. 30 of Plaintiff's Complaint are denied.

31.

The allegations contained in Paragraph No. 31 of Plaintiff's Complaint are denied.

32.

The allegations contained in Paragraph No. 32 of Plaintiff's Complaint are denied as phrased.

33.

The allegations contained in Paragraph No. 33 of Plaintiff's Complaint are denied.

34.

The allegations contained in Paragraph No. 34 of Plaintiff's Complaint are denied.

**COUNT V – DAMAGES**

35.

Defendant FEDEX reasserts and reincorporates by this reference its responses to Paragraphs 1 through 34 of Plaintiff's Complaint as if fully set forth herein. To the extent that a more specific response is required, the allegations contained in Paragraph No. 35 of Plaintiff's Complaint are denied.

36.

The allegations contained in Paragraph No. 36 of Plaintiff's Complaint are denied.

37.

The allegations contained in Paragraph No. 37 of Plaintiff's Complaint are denied.

38.

The allegations contained in Paragraph No. 38 of Plaintiff's Complaint are denied.

39.

The allegations contained in Paragraph No. 39 of Plaintiff's Complaint are denied.

**COUNT IV – PUNITIVE DAMAGES**

40.

Defendant FEDEX reasserts and reincorporates by this reference its responses to Paragraphs 1 through 39 of Plaintiff's Complaint as if fully set forth herein. To the extent that a more specific response is required, the allegations contained in Paragraph No. 40 of Plaintiff's Complaint are denied.

41.

The allegations contained in Paragraph No. 41 of Plaintiff's Complaint are denied.

42.

The allegations contained in Paragraph No. 42 of Plaintiff's Complaint are denied.

43.

FEDEX denies any and all allegations and prayers for relief contained in the WHEREFORE clause/Prayer for Relief of Plaintiff's Complaint. All remaining allegations and inferences contained in Plaintiff's Complaint not heretofore specifically addressed, are denied in their entirety.

WHEREFORE, FEDEX, having fully answered Plaintiff's Complaint for Damages, prays as follows:

a) that it be discharged without cost or liability;

b) that it have a trial by a jury of twelve persons as to all issues properly triable by a jury;

c) that a Pre-Trial Conference be held;

d) that all costs and attorneys' fees be assessed against Plaintiff; and

e) that it have such other relief as the Court deems just and proper.

This 23rd day of March, 2017.

**HALL BOOTH SMITH, P.C.**

*/s/ Payton D. Bramlett*

SCOTT H. MOULTON
Georgia Bar No. 974237
PAYTON D. BRAMLETT
Georgia State Bar No. 152401
*Counsel for Defendants*

191 Peachtree Street, N.E.
Suite 2900
Atlanta, GA 30303
TEL (404) 954-5000
FAX (404) 954-5020

IN THE STATE COURT OF FULTON COUNTY

STATE OF GEORGIA

| | |
|---|---|
| ESTHER STEVENSON,<br><br>Plaintiff,<br><br>v.<br><br>PROTECTIVE INSURANCE COMPANY, FEDEX GROUND PACKAGE SYSTEM, INC. & JONATHAN FEDEX,<br><br>Defendants. | **CIVIL ACTION FILE NUMBER:**<br><br>**17EV000907** |

**CERTIFICATE OF SERVICE**

I hereby certify that on this day I have served a copy of the within and foregoing **DEFENDANT FEDEX GROUND PACKAGE SYSTEM, INC.'S SPECIAL APPEARANCE AND SPECIAL ANSWER TO PLAINTIFF'S COMPLAINT** upon all parties to this matter by depositing same in the U.S. Mail, postage prepaid and properly addressed to the following:

John A. Houghton, Esquire
The Houghton Law Firm, LLC
One Alliance Center
3500 Lenox Road, Suite 500
Atlanta, Georgia 30326
john@houghtonlawfirm.com

Cooper F. Spence, Esquire
Cooper F. Spence, Attorney at Law, LLC
5447 Roswell Road, NE
P. O. Box 420523
Atlanta, Georgia 30342
cooper@cooperspencerlaw.com

This 23rd day of March, 2017.

**HALL BOOTH SMITH, P.C.**

*/s/ Payton D. Bramlett*

SCOTT H. MOULTON
Georgia Bar No. 974237
PAYTON D. BRAMLETT
Georgia State Bar No. 152401
*Counsel for Defendants*

191 Peachtree Street, N.E.
Suite 2900
Atlanta, GA 30303
TEL (404) 954-5000
FAX (404) 954-5020

State Court of Fulton County
**E-FILED**
17EV000907
3/23/2017 2:25:21 PM
LeNora Ponzo, Clerk
Civil Division

IN THE STATE COURT OF FULTON COUNTY

STATE OF GEORGIA

| | |
|---|---|
| ESTHER STEVENSON,<br><br>Plaintiff,<br><br>v.<br><br>PROTECTIVE INSURANCE COMPANY, FEDEX GROUND PACKAGE SYSTEM, INC. & JONATHAN BILLINGSLEY,<br><br>Defendants. | **CIVIL ACTION FILE NUMBER:**<br><br>**17EV000907** |

**DEFENDANT JONATHAN BILLINGSLEY'S SPECIAL APPEARANCE AND SPECIAL ANSWER TO PLAINTIFF'S COMPLAINT**

COMES NOW, **JONATHAN BILLINGSLEY** (hereinafter "BILLINGSLEY"), Defendant in the above-styled action, appears specially, and makes this special appearance and files this special answer, without waiving, and specifically reserving, all objections to deficiency of service, process, service of process, jurisdiction over the person, and venue, and asserts these defenses:

**FIRST DEFENSE**

Plaintiff fails to state a claim upon which relief can be granted.

**SECOND DEFENSE**

BILLINGSLEY denies that he was negligent in any manner, or that any negligent act or omission on his part caused or contributed to any injury or damage alleged to have been sustained by the Plaintiff.

**THIRD DEFENSE**

The sole and proximate cause of the accident referenced in the Complaint was the negligence of a party, or non-party, other than BILLINGSLEY, and therefore the Plaintiff is barred from any recovery against BILLINGSLEY.

**FOURTH DEFENSE**

Plaintiff, by the exercise of ordinary care, could have avoided the incident referenced in the Complaint; and therefore, Plaintiff is not entitled to recover from BILLINGSLEY.

**FIFTH DEFENSE**

To the extent shown by evidence obtained through discovery, BILLINGSLEY raises all those affirmative defenses set forth in O.C.G.A. § 9-11-8(c) and O.C.G.A. § 9-11-12(b), and none of those defenses are waived.

**SIXTH DEFENSE**

Plaintiff's alleged damages were directly and proximately caused by Plaintiff's own contributory/comparative negligence and failure to exercise ordinary care, and, as such, Plaintiff is not entitled to recover from BILLINGSLEY.

**SEVENTH DEFENSE**

BILLINGSLEY denies that he caused the Plaintiff to suffer any injury.

**EIGHTH DEFENSE**

BILLINGSLEY cannot be held liable under the doctrine of *respondeat superior*.

**NINTH DEFENSE**

BILLINGSLEY reserves the right to seasonably amend these affirmative defenses as needed or as warranted by the discovery in this case.

**TENTH DEFENSE**

To the extent any claim for attorney's fees and expenses of litigation pursuant to O.C.G.A. § 13-6-11, or pursuant to any other theory, are or may be made by Plaintiff, no basis exists for such claims and BILLINGSLEY specifically shows that a *bona fide* dispute exists to the extent that BILLINGSLEY is not liable to Plaintiff.

**ELEVENTH DEFENSE**

For his Eleventh Defense, BILLINGSLEY appears specially and responds to the individually numbered Paragraphs of Plaintiff's Complaint as follows:

1.

BILLINGSLEY denies that Protective Insurance Company is subject to the jurisdiction of this Court. The remaining allegations contained in Paragraph No. 1 of Plaintiff's Complaint are admitted.

2.

BILLINGSLEY denies that FedEx Ground Package System, Inc. is subject to the jurisdiction of this Court. The remaining allegations contained in Paragraph No. 2 of Plaintiff's Complaint are admitted.

3.

BILLINGSLEY admits that he is a resident of the State of Alabama and that his address is 7112 Bentley Court, Montgomery, Alabama 36117; however, the remaining allegations contained in Paragraph No. 3 of Plaintiff's Complaint are denied.

4.

BILLINGSLEY lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 4 of Plaintiff's Complaint; therefore, the allegations contained in Paragraph No. 4 of Plaintiff's Complaint are denied.

5.

The allegations contained in Paragraph No. 5 of Plaintiff's Complaint are denied.

**BACKGROUND**

6.

The allegations contained in Paragraph No. 6 of Plaintiff's Complaint are denied as phrased.

7.

The allegations contained in Paragraph No. 7 of Plaintiff's Complaint are denied as phrased.

8.

The allegations contained in Paragraph No. 8 of Plaintiff's Complaint are denied.

9.

The allegations contained in Paragraph No. 9 of Plaintiff's Complaint are denied.

10.

The allegations contained in Paragraph No. 10 of Plaintiff's Complaint are denied as phrased.

11.

The allegations contained in Paragraph No. 11 of Plaintiff's Complaint are denied.

12.

The allegations contained in Paragraph No. 12 of Plaintiff's Complaint are denied.

13.

The allegations contained in Paragraph No. 13 of Plaintiff's Complaint are denied.

**COUNT I – NEGLIGENCE**

14.

Defendant BILLINGSLEY reasserts and reincorporates by this reference his responses to Paragraphs 1 through 13 of Plaintiff's Complaint as if fully set forth herein. To the extent that an more specific response is required, the allegations contained in Paragraph No. 14 of Plaintiff's Complaint are denied.

15.

The allegations contained in Paragraph No. 15 of Plaintiff's Complaint are denied.

16.

The allegations contained in Paragraph No. 16 of Plaintiff's Complaint are denied.

17.

The allegations contained in Paragraph No. 17 of Plaintiff's Complaint are denied.

**COUNT II – IMPUTED LIABILITY**

18.

Defendant BILLINGSLEY reasserts and reincorporates by this reference his responses to Paragraphs 1 through 17 of Plaintiff's Complaint as if fully set forth herein. To the extent that a more specific response is required, the allegations contained in Paragraph No. 18 of Plaintiff's Complaint are denied.

19.

The allegations contained in Paragraph No. 19 of Plaintiff's Complaint are denied as phrased.

20.

The allegations contained in Paragraph No. 20 of Plaintiff's Complaint are denied as phrased.

21.

The allegations contained in Paragraph No. 21 of Plaintiff's Complaint are denied as phrased.

**COUNT III – NEGLIGENT HIRING, TRAINING, SUPERVISION, RETENTION, DISPATCH & ENTRUSTMENT**

22.

Defendant BILLINGSLEY reasserts and reincorporates by this reference his responses to Paragraphs 1 through 21 of Plaintiff's Complaint as if fully set forth herein. To the extent that a more specific response is required, the allegations contained in Paragraph No. 22 of Plaintiff's Complaint are denied.

23.

The allegations contained in Paragraph No. 23 of Plaintiff's Complaint are denied.

24.

The allegations contained in Paragraph No. 24 of Plaintiff's Complaint are denied.

25.

The allegations contained in Paragraph No. 25 of Plaintiff's Complaint are denied.

26.

The allegations contained in Paragraph No. 26 of Plaintiff's Complaint are denied.

27.

The allegations contained in Paragraph No. 27 of Plaintiff's Complaint are denied.

28.

The allegations contained in Paragraph No. 28 of Plaintiff's Complaint are denied.

29.

The allegations contained in Paragraph No. 29 of Plaintiff's Complaint are denied.

**COUNT IV – DIRECT ACTION**

30.

Defendant BILLINGSLEY reasserts and reincorporates by this reference his responses to Paragraphs 1 through 29 of Plaintiff's Complaint as if fully set forth herein. To the extent that a more specific response is required, the allegations contained in Paragraph No. 30 of Plaintiff's Complaint are denied.

31.

The allegations contained in Paragraph No. 31 of Plaintiff's Complaint are denied.

32.

The allegations contained in Paragraph No. 32 of Plaintiff's Complaint are denied as phrased.

33.

The allegations contained in Paragraph No. 33 of Plaintiff's Complaint are denied.

34.

The allegations contained in Paragraph No. 34 of Plaintiff's Complaint are denied.

## COUNT V – DAMAGES

35.

Defendant BILLINGSLEY reasserts and reincorporates by this reference his responses to Paragraphs 1 through 34 of Plaintiff's Complaint as if fully set forth herein. To the extent that a more specific response is required, the allegations contained in Paragraph No. 35 of Plaintiff's Complaint are denied.

36.

The allegations contained in Paragraph No. 36 of Plaintiff's Complaint are denied.

37.

The allegations contained in Paragraph No. 37 of Plaintiff's Complaint are denied.

38.

The allegations contained in Paragraph No. 38 of Plaintiff's Complaint are denied.

39.

The allegations contained in Paragraph No. 39 of Plaintiff's Complaint are denied.

## COUNT IV – PUNITIVE DAMAGES

40.

Defendant BILLINGSLEY reasserts and reincorporates by this reference his responses to Paragraphs 1 through 39 of Plaintiff's Complaint as if fully set forth herein. To the extent that a more specific response is required, the allegations contained in Paragraph No. 40 of Plaintiff's Complaint are denied.

41.

The allegations contained in Paragraph No. 41 of Plaintiff's Complaint are denied.

42.

The allegations contained in Paragraph No. 42 of Plaintiff's Complaint are denied.

43.

BILLINGSLEY denies any and all allegations and prayers for relief contained in the WHEREFORE clause/Prayer for Relief of Plaintiff's Complaint. All remaining allegations and inferences contained in Plaintiff's Complaint not heretofore specifically addressed, are denied in their entirety.

WHEREFORE, BILLINGSLEY, having fully answered Plaintiff's Complaint for Damages, prays as follows:

a) that it be discharged without cost or liability;

b) that it have a trial by a jury of twelve persons as to all issues properly triable by a jury;

c) that a Pre-Trial Conference be held;

d) that all costs and attorneys' fees be assessed against Plaintiff; and

e) that it have such other relief as the Court deems just and proper.

This 23rd day of March, 2017.

**HALL BOOTH SMITH, P.C.**

*/s/ Payton D. Bramlett*

SCOTT H. MOULTON
Georgia Bar No. 974237
PAYTON D. BRAMLETT
Georgia State Bar No. 152401
*Counsel for Defendants*

191 Peachtree Street, N.E.
Suite 2900
Atlanta, GA 30303
TEL (404) 954-5000
FAX (404) 954-5020

IN THE STATE COURT OF FULTON COUNTY

STATE OF GEORGIA

| | |
|---|---|
| ESTHER STEVENSON,<br><br>Plaintiff,<br><br>v.<br><br>PROTECTIVE INSURANCE COMPANY, FEDEX GROUND PACKAGE SYSTEM, INC. & JONATHAN BILLINGSLEY,<br><br>Defendants. | **CIVIL ACTION FILE NUMBER:**<br><br>**17EV000907** |

**CERTIFICATE OF SERVICE**

I hereby certify that on this day I have served a copy of the within and foregoing **DEFENDANT JONATHAN BILLINGSLEY'S SPECIAL APPEARANCE AND SPECIAL ANSWER TO PLAINTIFF'S COMPLAINT** upon all parties to this matter by depositing same in the U.S. Mail, postage prepaid and properly addressed to the following:

John A. Houghton, Esquire
The Houghton Law Firm, LLC
One Alliance Center
3500 Lenox Road, Suite 500
Atlanta, Georgia 30326
john@houghtonlawfirm.com

Cooper F. Spence, Esquire
Cooper F. Spence, Attorney at Law, LLC
5447 Roswell Road, NE
P. O. Box 420523
Atlanta, Georgia 30342
cooper@cooperspencerlaw.com

This 23rd day of March, 2017.

**HALL BOOTH SMITH, P.C.**

*/s/ Payton D. Bramlett*

SCOTT H. MOULTON
Georgia Bar No. 974237
PAYTON D. BRAMLETT
Georgia State Bar No. 152401
*Counsel for Defendants*

191 Peachtree Street, N.E.
Suite 2900
Atlanta, GA 30303
TEL (404) 954-5000
FAX (404) 954-5020